## Commonwealth v. Duggan, Administratrix

*Thomas P. Duffy*, for Commonwealth.
*James G. McDonough*, for defendant.

LEACH, P. J., March 8, 1939.—The ·Department of Public Assistance of the Commonwealth of Pennsylvania claimed of defendant $514, with interest from February 25, 1938. The claim was on account of public assistance granted to Bridget Duggan, deceased, at the rate of $25 per month from June 1935 to June 1936, and $27 per month from August 1937 to February 1938, amounting to $514. Said Bridget Duggan died intestate seized of real estate assessed at $1,215 on February 22, 1938, and this suit is brought to recover the assistance which has been furnished to the said Bridget Duggan.

Public assistance has been furnished under three acts, one of January 18, 1934, P. L. 282, one of June 25, 1936, P. L. 28, which repealed the first-mentioned act, and the Public Assistance Law of June 24, 1937, P. L. 2051, which repealed the Act of 1936.

In the Act of 1936, provision was made for the recovery of money paid for public assistance out of the property or estate of the person receiving it, whether the person were living or dead. The Support Law of June 24, 1937, P. L. 2045, is an act "Relating to the support of indigent persons publicly cared for or assisted; providing for the support of such persons by certain relatives, and for the recovery of public moneys expended for care and assistance from the property and estates of such persons", etc.

The last - mentioned act which, under the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 62, should be construed in pari materia as relating to the same persons or things, or the same classes of persons or things, with the Relief Act, makes certain provisions for the support of indigent persons. Any person from grandfather to grandchild in the direct line may be ordered by the court to pay for the support of his indigent relative, as well as the husband or wife of any person, and such order may be enforced by a six-months jail sentence. Under section 4 of The Support Law, supra, the property of an indigent person is "liable for the expenses of his support, maintenance, assistance and burial, incurred by any public body or public agency, whether owned at the time such expenses were incurred or acquired thereafter. Any public body or public agency may sue for moneys so expended".

Under the above provisions it can hardly be said that a person who has received public assistance had a contract with the State. It would be class legislation and discrimination of the most notorious character if one son were sent to jail for neglecting to support his aged parent and the next son permitted to receive property that the aged parent had left, although the parent had received money from the State for his support and assistance. It is suggested in the brief of defendant in the case that the word "indigent" does not occur in the title of the Public Assistance Law. However, the title provides for and regulates assistance to certain classes of persons designated and defined as dependent children, aged persons, blind persons, and other persons requiring relief, and the first definition of assistance states:

" 'Assistance' means assistance in money, goods, shelter, services or burial, provided from or with State or Federal funds, for indigent persons . . .".

It may be true that persons who are owners of property are in need of assistance because they can neither sell their property nor eat it, and this situation has been

recognized by the persons in control of the funds. It does not follow that they are then entitled to transfer the funds to their friends without repayment to the State of the money had and received by them for their benefit and for which they gave the State no consideration.

And, now, March 8, 1939, the affidavit of defense raising questions of law is decided in favor of plaintiff and defendant is allowed 15 days to file an affidavit of defense.